# UNITED STATES DISTRICT COURT

for

## WESTERN DISTRICT OF TENNESSEE

**U.S.A. vs. KYLE BLACK**                             Docket No.   **2:03CR20005-05**

### Petition on Probation and Supervised Release

COMES NOW   NICOLE D. PETERSON   , **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of   Kyle Black   who was placed on supervision by the Honorable  J. Daniel Breen   sitting in the Court at Memphis, Tennessee  , on the 29th  day of January, 2004, who fixed the period of supervision at   Two (2) Years*  , and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

(1)     The defendant shall serve a period of five (5) months home confinement. (Completed)

(2)     The defendant shall participate in drug testing and treatment and mental health counseling as directed by the probation office.

\* Term of Supervised Release began on August 6, 2004.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
**(If short insert here; if lengthy write on separate sheet and attach)**

### SEE ATTACHED

**PRAYING THAT THE COURT WILL ORDER** a **SUMMONS** be issued for Kyle Black to appear before the Court to answer charges of Violation of Supervised Release.

| | |
|---|---|
| **ORDER OF COURT** | I declare under penalty of perjury that the foregoing is true and correct. |
| Considered and ordered this 9th day of June , 20 05 , and ordered filed and made a part of the records in the above case. | Executed on    June 6, 2005 |
| United States District Judge | U. S. Probation Officer |
| | Place:  Memphis, Tennessee |

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 6-10-05

(231)

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**The defendant  has violated the following conditions of his term of Supervised Release:**

**The defendant shall not commit another federal, state, or local crime.**

On February 22, 2005, Mr. Black was arrested on charges of Driving Under the Influence of Intoxicants/Drugs, Reckless Driving, Public Intoxication, and Refusal to Submit to a BAC test. These charges are currently pending. Mr. Black's next court date is June 23, 2005. At approximately 1:00 a.m. February 22, 2005, arresting officers responded to an accident call at Mallory and Sea Isle. Mr. Black was apprehended at that location. According to witnesses, he struck two parked cars with his vehicle and attempted to flee, but was unable to as his car was disabled due to the impact. Arresting officers noted that Mr. Black was unable to stand on his own and had a strong odor of intoxicant on his person. Mr. Black admitted to drinking over the course of the previous evening. He was transported to the Regional Medical Center, signed a refusal of treatment and was then arrested and transported to 201 Poplar. While at the Med, Mr. Black refused to submit to a breathalyzer test.

**The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance.**

On August 13, 2004, Mr. Black signed a Voluntary Admission of Drug Use indicating that he had used marijuana on or about August 11, 2004.

On February 14, 2005, Mr. Black signed a Voluntary Admission of Drug Use indicating that he had used cocaine on or about February 11, 2005.

Mr. Black failed to report for random urinalyses as directed on February 16 and 23, April 11 and 18, and May 16, 2005.

On or about February 22, 2005, Mr. Black used alcohol to excess which is substantiated by his arrest for Driving Under the Influence of Intoxicants/Drugs.

# VIOLATION WORKSHEET

1.   **Defendant**   **Kyle Black, 6233 Solway, Memphis, TN 38119**

2.   **Docket Number (Year-Sequence-Defendant No.)**  **2:03CR20005-5**

3.   **District/Office**   **Western District of Tennessee**

4.   **Original Sentence Date**   <u>1</u> / <u>29</u> / <u>2004</u>
     month    day    year

5.   **Original District/Office**

6.   **Original Docket Number (Year-Sequence-Defendant No.)**

7.   **List each violation and determine the applicable grade {see §7B1.1}:**

| Violation{s} | Grade |
|---|---|
| New criminal conduct: DUI, Refusal to Submit to BAC, Public Intoxication | C |
| Drug use/failure to submit to urinalysis as directed | C |

8.   **Most Serious Grade of Violation (see §7B1.1(b))**    C

9.   **Criminal History Category (see §7B1.4(a))74**    I

10.   **Range of imprisonment (see §7B1.4(a))**    | 3-9   months |
      **Statutory Maximum:  24 months**

11.   **Sentencing Options for Grade B and C Violations Only (Check the appropriate box):**

{x}   (a)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3©)(1) provides sentencing options to imprisonment.

{ }   (b)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3©)(2) provides sentencing options to imprisonment.

{ }   ©)If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**12.  Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____     Community Confinement _____

Fine ($) _____     Home Detention _____

Other _____     Intermittent Confinement _____

**13.  Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3{see §§7B1.3(g)(1)}.

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____

**14.  Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**15.  Official Detention Adjustment {see §7B1.3(e)}:** _____ months _____ days

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 231 in
case 2:03-CR-20005 was distributed by fax, mail, or direct printing on
June 10, 2005 to the parties listed.

---

Stephen P. Hall
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT